# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

|  |  |
|---|---|
| ONEBEACON MIDWEST INSURANCE COMPANY,  :  :  : | |
| Plaintiff,  : | |
| : | CIVIL ACTION NO. |
| v.  : | 2:12-CV-0106-RWS |
| : | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for HABERSHAM BANK, et. al,  :  :  :  :  : | |
| Defendants.  : | |

## ORDER

This case is before the Court on Director and Officer ("D&O") Defendants' Motion to Dismiss [33] and Plaintiff's Motion for Oral Argument on the Motion to Dismiss [44]. After reviewing the record, the Court enters the following Order.

## Background[1]

OneBeacon Midwest Insurance Company ("Plaintiff") issued Management and Professional Liability Policy No. 474000332 ("Policy") to

---

[1] Unless otherwise noted, the factual background is taken from the Complaint [1]. At the motion to dismiss phase, the Court accepts all well-pleaded facts in the Complaint as true.

AO 72A
(Rev.8/82)

Habersham Bancorp ("Habersham"). The Policy was issued for the claims-made Policy Period from August 31, 2007 until August 31, 2010, when the Policy was non-renewed. At that time, Habersham purchased an Extended Reporting Period, which was in effect from 12:01 a.m. on August 31, 2010 to 12:01 a.m. on August 31, 2011. The Policy only provides coverage for claims "first made" during the Policy Period or the Extended Reporting Period. A "claim" under the Policy is "a written or oral demand for monetary damages or non-monetary relief" against an Insured for a Wrongful Act.

The Insured Persons Liability Coverage Insurance Agreement ("D&O Coverage") provides:

> The Insurer will pay on behalf of the Insured Persons, Loss for which the Insured Persons are not indemnified by the Financial Institution and for which the Insured Persons are legally obligated to pay by reason of Claims first made during the Policy Period or the Extended Reporting Period, if elected, against the Insured Persons for Wrongful Acts.

"Insured Persons" includes "any past, present or future director . . . [or] . . . officer . . . of the Financial Institution." The D&O Coverage has a $5 million Limit of Liability for all loss on account of all claims made against the Insureds during the same Policy Year. The Limit of Liability for the Policy's Extended

2

Reporting Period is part of, and not in addition to, the $5 million Limit of Liability for D&O Coverage for all claims made during the immediately preceding Policy Year.

The Policy is not a "duty-to-defend" policy. Rather, it provides that "[i]t shall be the duty of the Insured and not the duty of the Insurer to defend Claims." The Policy further provides that: "Insurer, if requested by the Insured, shall advance covered Defense Costs on a current basis, except when advancement of Defense Costs is prohibited by law or regulation. The Insured shall repay any advanced Defense Costs to the Insurer in the event it is established that the Insurer has no liability under this Policy for such Defense Costs." Finally, under the Policy, "Defense Costs [are] part of, and not in addition to, the applicable Limit of Liability . . . , and Defense Costs shall reduce and may exhaust such Limit[] of Liability."

On August 25, 2011, the FDIC, as receiver for the failed Habersham, sent a claim addressed to each of the D&O Defendants ("FDIC Claim"). The FDIC Claim seeks payment of civil damages from the D&O Defendants for their alleged breach of duties owed to Habersham prior to the bank's closure. The alleged errors and omissions include actions taken in connection with certain

3

loan transactions entered into by Habersham and the D&O Defendants' purported failure to properly manage Habersham's affairs. The FDIC estimates total losses to Habersham of at least $38,656,992 suffered as a result of D&O Defendants' alleged errors and omissions related to loans and dividends summarized in the FDIC Claim, and demands payment of that amount from D&O Defendants.

The FDIC Claim lists nineteen specific loans to borrowers and estimates losses of $34,556,992 on those loans. The FDIC Claim asserts $4,100,000 in losses based on allegedly improper dividends. The FDIC alleges that D&O Defendants violated their "duties of loyalty and due care in connection with the declaration and distribution of dividends to Habersham Bankcorp." The FDIC asserts that $4,100,000 in dividends was approved "for the purpose of enabling [Habersham] to repurchase 150,000 shares of its stock and to declare a special dividend, redounding to the personal benefit to [sic] those [Habersham] directors who held stock in [Habersham]." The FDIC further alleges that "the board diverted these resources from the Bank for personal benefit," notwithstanding the deteriorating conditions of Habersham. Plaintiff did not

4

receive notice of the FDIC Claim from an Insured prior to 12:01 a.m. on August 31, 2011, the end of the Extended Reporting Period.

Plaintiff seeks a declaratory judgment that: the "Insured v. Insured" exclusion under the Policy bars coverage for the FDIC Claim (Count I); that the "Loan Loss Carve-Out" bars coverage under the Policy for the alleged loan losses (Count II); lack of timely notice bars coverage under the Policy for the FDIC Claim (Count III); the "Restitution Carve-Out" bars coverage under the Policy for the alleged dividend losses (Count IV); the Policy requires an allocation should the Court determine that the FDIC Claim consists of both covered and uncovered matters (Count V); and Plaintiff has reserved all rights under the Policy (Count VI).  D&O Defendants argue that Plaintiff's Complaint should be dismissed under Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) because this Court lacks subject matter jurisdiction and because Plaintiff has failed to state a claim upon which relief may be granted.  The Court first addresses Defendants' jurisdictional argument.

## Discussion

### I. Legal Standard

As with any motion to dismiss, when a party asserts lack of subject

matter jurisdiction under Rule 12(b)(1) as grounds for dismissal, the court must accept well-pleaded facts in the Complaint as true.  However, "[w]hen the determination of subject matter jurisdiction requires the Court to look at matters beyond the face of the complaint, the Court applies an analysis similar to the summary judgment standard."  U.S. v. Walker, 438 Fed. App'x 885, 887 (11th Cir. 2011) (citing Lawrence v. Dunbar, 919 F.2d 1526, 1530 (11th Cir. 1990) (finding courts should apply "a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction)).

## II.     D&O Defendants' 12(b)(1) Motion

D&O Defendants assert that Plaintiff's claim is precluded by Section 1821(j) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").  (Def.s' MTD, Dkt. [33] at 7.)  Under § 1821(j), "no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver."  At issue here is the FDIC's power to "collect all obligations and money due the institution" that has been placed into receivership.  See 12 U.S.C. § 1821(d)(2)(B)(ii).  The so-called "anti-injunction

6

provision" (§ 1821(j)) was "intended to permit the FDIC to perform its duties as conservator and receiver promptly and effectively without judicial interference."  Hindes v. FDIC, 137 F.3d 148, 160 (3d Cir. 1998).

The Eleventh Circuit has adopted a narrow, two-step inquiry under § 1821(j).  See Bank of Am. Nat'l Ass'n v. Colonial Bank, 604 F.3d 1239, 1243 (11th Cir. 2010).  First, the Court must evaluate whether the action implicates the exercise of an FDIC receivership power or function.  Id.  "If so, the FDIC is protected from all court action that would 'restrain or affect' the exercise of those powers or functions."  Id.  The second step is to determine whether action by the Court would "in fact restrain or affect the FDIC as receiver."  Id.

Defendants rely on FDIC, as Receiver for Wheatland Bank v. OneBeacon Midwest Insurance Co., 883 F. Supp. 2d 754 (N.D. Ill. 2010) ("Wheatland I"), to support their claim that this action is barred by § 1821(j).  In that case, the FDIC, as receiver for a failed bank, brought a breach of contract action against OneBeacon, alleging wrongful denial of coverage under a Financial Institution Bond and seeking indemnification for bank executives' alleged fraud.  OneBeacon asserted several counterclaims, including a claim for declaratory judgment with respect to a separate D&O policy in which the FDIC (as

7

receiver) claimed an interest.  In Wheatland I, as here, OneBeacon was seeking a preemptive determination of rights with respect to the D&O policy.  883 F. Supp. 2d at 762.  The Wheatland I court concluded that such a preemptive determination would "affect the FDIC's authority to 'collect all obligations and money due the [failed bank].'"  Id. (quoting 12 U.S.C. § 1821(d)(2)(B)(ii)).  Therefore, the court found, OneBeacon's counterclaim seeking a declaration of coverage under the D&O policy was jurisdictionally barred by § 1821(j).  Id. at 763-64.[2]

---

[2] Plaintiff filed a Notice of Supplemental Authority [49] to highlight the Wheatland I court's recent reconsideration of its Order.  See FDIC v. OneBeacon Midwest Ins. Co., No. 11 C 3972, 2013 WL 951107 (N.D. Ill. Mar. 12, 2013) ("Wheatland II").  In Wheatland II, OneBeacon moved to amend its counterclaims and asked the court to reconsider its earlier ruling "insofar as it applie[d] to the proposed amendment."  2013 WL 951107, at *1.  OneBeacon's amended claim removed the FDIC as a defendant and did not seek a declaration that OneBeacon was not obligated to indemnify an eventual judgement or settlement against the directors and officers under the D&O policy.  Id. at *2.  Instead, the only remaining issue after amendment was whether OneBeacon was obligated to pay the directors' and officers' defense costs in a lawsuit brought against them by the FDIC for alleged negligence.  Id.  The Wheatland II court concluded, "OneBeacon's amended claims do not 'restrain or affect' the FDIC's interests in the D&O Policy, and therefore they are not barred by § 1821(j)."  Id. at *3.

The facts of Wheatland II do not apply here.  The FDIC, as receiver for Habersham, is a named defendant in this suit and Plaintiff *is* seeking "a judicial declaration of the rights and obligations of OneBeacon and the D&O Defendants under the Policy with respect to the FDIC Claim." (See Complaint, Dkt. [1] at 18, ¶ G.)  Therefore, the Court finds Wheatland I, not Wheatland II, persuasive here.

8

In reaching its decision, the Wheatland I court relied on Radian Ins. Inc. v. Deutsche Bank Nat'l Trust Co., No. 08-2993, 2009 WL 3163557 (E.D. Pa. Oct. 1, 2009), another declaratory judgment action brought by an insurer against the FDIC as receiver.  In Radian, the court found that § 1821(j) barred the claim for declaratory relief because "such a declaration may impact the FDIC's ability to assert certain claims against [the insurer] in the future, thereby potentially reducing the assets of the depository institutions, contrary to the express goals of FIRREA."  2009 WL 3163557, at *13.  Furthermore, the court found, "the impact of the declaratory judgment on the FDIC is not diminished merely because the FDIC has not yet indicated its intent to pursue any claims against [the insurer] . . . .  The fact that the FDIC might exercise its powers to assert claims against [the insurer] in the future is sufficient to invoke the § 1821(j) bar." Id. at 14.  Defendants argue that, like Wheatland I and Radian, a judgment on Plaintiff's claims here will impact the FDIC's interest in the D&O Policy and its ability to collect money and obligations due to Habersham, and therefore, the claims are barred by § 1821(j).

Plaintiff responds that Wheatland I is an outlier and since FIRREA's enactment, countless declaratory judgment actions have been brought by

9

insurers and directors and officers to determine coverage for tort claims asserted by failed bank receivers without anyone suggesting that § 1821(j) precluded those actions.[3]  (Pl.'s Opp. Br., Dkt. [43] at 15.)  Plaintiff attempts to distinguish <u>Wheatland I</u> from the case at bar on grounds that <u>Wheatland I</u> involved a first-party bond policy and a counterclaim for rescission, which are not present here.  (Pl.'s Opp. Br., Dkt. [42] at 15-16.)  However, in <u>Wheatland I</u>, the court's analysis of OneBeacon's declaratory judgment counterclaim with respect to the D&O policy did not turn on the presence of those other claims and counterclaims.  Therefore, the Court finds these distinctions irrelevant.

Plaintiff also attempts to distinguish <u>Wheatland I</u> from the case at bar on grounds that Georgia tort law, not Illinois law, applies here.  It argues that the declaratory judgment sought here cannot and will not affect the FDIC's ability to "collect all obligations and money due the institution" because the D&O Coverage under Insuring Agreement A is not money currently "due" to Habersham.  (Pl.'s Opp. Br., Dkt. [43] at 16-17.)  At best, Plaintiff contends, the FDIC has only a future interest in the D&O Coverage that is wholly contingent

---

[3] Plaintiff tacitly concedes and Defendants emphasize in their reply brief that the cases cited by Plaintiff do not involve motions to dismiss based on § 1821(j). (<u>See</u> Def.s' Reply, Dkt. [46] at 4, 4 n.8.)

on the future existence of an unsatisfied judgment against the D&Os, which may never occur. (Id.) Plaintiff points to a difference between Georgia and Illinois law on this point. In Georgia, a tort claimant generally does not have rights under a policy, absent a judgment against the insured. See, e.g., Capitol Indem. Corp. v. Fraley, 597 S.E.2d 601, 602-03 (Ga. Ct. App. 2004) ("As a general rule, an injured party has no standing to file a direct suit against the insurer of the party alleged to have caused the injury absent an unsatisfied judgment against the insured."). In Illinois, on the other hand, a tort claimant may bring an action to determine coverage before the claimant obtains a judgment against the insured. See, e.g., Reagor v. Travelers Ins. Co., 415 N.E.2d 512, 513-15 (Ill. App. Ct. 1980).

The court finds this state-law distinction inapposite and finds that Wheatland I, although not binding on this Court, is persuasive. Plaintiff admits that even under Georgia law, the FDIC has a future interest in the D&O Coverage. The FDIC Claim seeks to recover sums owed to the bank because of the D&Os' alleged wrongful conduct; if the FDIC succeeds, the D&O Coverage would help satisfy any judgment for the bank. Section 1821(j)'s language is broad: "no court may take *any action . . . to restrain or affect* the exercise of

11

powers or functions of the [FDIC]." (emphasis added). According to the Eleventh Circuit, "[t]he exceptions to § 1821(j)'s jurisdictional bar are extremely limited." RPM Inv.s, Inc. v. Resolution Trust Corp., 75 F.3d 618, 620 n.2 (11th Cir. 1996). The Court finds that issuing a declaratory judgment on Plaintiff's claims would affect the FDIC's ability to collect money due to Habersham.[4] Consequently, the claim is barred by § 1821(j).

Furthermore, application of § 1821(j)'s jurisdictional bar does not leave Plaintiff without a remedy. Plaintiff's claims can be pursued through FIRREA's administrative process. See 12 U.S.C. § 1821(d); see also Bank of Am. Nat'l Ass'n, 604 F.3d at 1246 (noting that "all manner of claims are appropriate for resolution through the administrative claims process"). If Plaintiff's claims are not adequately addressed through the administrative

---

[4] D&O Defendants argue that because OneBeacon's claims may not proceed against the FDIC, they may not proceed against the D&Os. (Def.s' MTD, Dkt. [33] at 11.) They assert that a finding regarding coverage vis-a-vis the D&Os would affect the FDIC's interest in the policy if and when the FDIC attempts to assert its rights to the policy. (Def.s' MTD, Dkt. [33] at 11). The Court agrees. "A court order which operates against a third party is precluded by section 1821(j) if the order would have the same effect from the FDIC's perspective as a direct action against it precluded by section 1821(j)." Hindes, 137 F.3d at 160; see also Wheatland I, 137 F.3d at 160 (finding that OneBeacon's claims could not proceed against the non-FDIC defendants alone because a declaration regarding officers' and directors' coverage would impact the FDIC's interest as tort-claimant in the related lawsuit). Plaintiff has pointed to no authority requiring that the FDIC, rather than individual Defendants, challenge subject matter jurisdiction under § 1821(j).

AO 72A
(Rev.8/82)

process, it is entitled to *de novo* review in federal district court.  See 12 U.S.C. §§ 1821(d)(6), (d)(7)(A).  Accordingly, D&O Defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED.**

I.   **Plaintiff's Motion for Oral Argument**

Plaintiff has requested oral argument on the issue of subject matter jurisdiction.  The Court finds that the issues have been fully briefed by the Parties such that oral argument is not required.  Therefore, Plaintiff's Motion [44] is **DENIED**.

## Conclusion

Based on the foregoing, D&O Defendants' Motion to Dismiss [33] is **GRANTED**, and Plaintiff's Motion for Oral Argument [44] is **DENIED**.  The Clerk shall close the case.

**SO ORDERED**, this 28th day of March, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)