IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

|  |  |  |
|---|---|---|
| ONEBEACON MIDWEST INSURANCE COMPANY, | : : : : | |
| Plaintiff, | : : | |
| v. | : : : | CIVIL ACTION NO. 2:12-CV-0106-RWS |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for HABERSHAM BANK, et. al, | : : : : : : | |
| Defendants. | : | |

**ORDER**

This case is before the Court on Plaintiff's Motion for Limited Reconsideration, Leave to Amend, And for Clarification [52] and Plaintiff's Motion for Leave to File Reply Memorandum [58]. After reviewing the record, the Court enters the following Order.

**Background**

Plaintiff's original Complaint [1] sought a declaratory judgment that: the "Insured v. Insured" exclusion under Professional Liability Insurance Policy

No. 474000332 ("Policy")[1] bars coverage for the FDIC Claim (Count I); that the "Loan Loss Carve-Out" bars coverage under the Policy for the alleged loan losses (Count II); lack of timely notice bars coverage under the Policy for the FDIC Claim (Count III); the "Restitution Carve-Out" bars coverage under the Policy for the alleged dividend losses (Count IV); the Policy requires an allocation should the Court determine that the FDIC Claim consists of both covered and uncovered matters (Count V); and Plaintiff has reserved all rights under the Policy (Count VI).

In their subsequent Motion to Dismiss [33], the D&O Defendants argued, and this Court ultimately agreed, that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(1) because this Court lacks subject matter jurisdiction. This Court found that issuing a declaratory judgment on Plaintiff's claims would affect the FDIC's ability to collect money due to Habersham [50 at 12]. Consequently, Plaintiff's claims were precluded by the broad jurisdictional bar of 12 U.S.C. § 1821(j) of the Financial

---

[1] The facts and details underlying the Policy are further set forth in this Court's March 28, 2013 Order dismissing Plaintiff's claims for lack of subject matter jurisdiction [50].

2

Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), which states:

> no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver.

Plaintiff now moves this Court pursuant to Rule 59(e) to reconsider its prior order and permit OneBeacon to file an amended complaint pursuant to Rule 15(a)(2).

## Discussion

### I.     Legal Standards

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).   A Rule 59(e) motion is inappropriate when it is used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir.

3

2005); see also Bryan v. Murphy, 246 F. Supp. 2d at 1259 (stating that a party's motion for reconsideration "must be denied" if it repackages past arguments or fails to provide a reason that new legal theories or evidence were available, but not raised earlier in the litigation).

A party may move, however, pursuant to Rule 59(e) to amend his complaint even after his complaint is dismissed for lack of subject matter jurisdiction. Thomas v. E. I. DuPont de Nemours & Co., Inc., 574 F.2d 1324, 1329 (5th Cir. 1978). The Court, in its discretion, may grant Rule 59(e) relief if the proposed amendment will vest this Court with jurisdiction and may permit amendment under Rule 15 "[i]n the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id.

## II.   Plaintiff's Motion for Reconsideration

Plaintiff moves this Court to amend its March 28, 2013 Order, which dismissed Plaintiff's claims for lack of subject matter jurisdiction, and allow Plaintiff to file an amended complaint [52]. Plaintiff's proposed complaint

4

allegedly cures jurisdictional defects, by: (1) dropping the FDIC as a party to proceed only against the individual defendant directors and officers (D&Os) and (2) seeking declaratory judgment that the D&Os are not entitled to defense coverage under the Policy and reimbursement of defense costs [52 at 1]. Defendants argue that Plaintiff's Motion should be denied because first, Plaintiff has failed to meet its burden for Rule 59(e) relief, and second, that Plaintiff's proposed amendments are futile because the amendments still fail to cure jurisdictional defects. [55 at 5-12].

As Defendants argue, under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan, 246 F. Supp. 2d at 1259.  Here, Plaintiff has not cited any (1) newly discovered evidence; (2) intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact that warrants Rule 59(e) relief.

5

Furthermore, Plaintiff's motion seeks to relitigate old matters and raise argument that could have been raised prior to the entry of judgment, which as Defendants argue, are inappropriate grounds for a Rule 59(e) motion. See Michael Linet, Inc., 408 F.3d at 763 (A Rule 59(e) motion cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"); see also Bryan, 246 F. Supp. 2d at 1259 (stating that a party's motion for reconsideration "must be denied" if it repackages past arguments or fails to provide a reason that new legal theories or evidence were available, but not raised earlier in the litigation).

The cornerstone of Plaintiff's argument for reconsideration and amendment is the result in F.D.I.C. v. OneBeacon Midwest Ins. Co., 2013 WL 951107 (N.D.Ill., Mar. 12, 2013) ("Wheatland II").  This is the second time Plaintiff has urged this Court to follow the Wheatland II opinion.  In response to Plaintiff's Notice of Supplemental Authority [49] for purposes of D&O Defendants' Motion to Dismiss, this Court considered and distinguished the Wheatland II opinion [50 at 8 n. 2].  Now Plaintiff fails to provide a reason why he did not seek amendment earlier in the litigation without resort to Rule 59(e).

6

Despite Plaintiff's belated request to amend, this Court in its discretion may grant Rule 59(e) relief if the proposed amendment will vest this Court with jurisdiction.  Thomas v. E. I. DuPont de Nemours & Co., Inc., 574 F.2d 1324, 1329 (5th Cir. 1978) (granting Rule 59(e) relief and permitting amendment under Rule 15 when there is an "absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").  Here, as Defendants argue, Plaintiff has not shown that its proposed amendments will vest this Court with jurisdiction.

As set forth in this Court's March 28, 2013 Order, Section 1821(j)'s language is broad: "no court may take any action . . . to restrain or affect the exercise of powers or functions of the [FDIC]", and the Eleventh Circuit has instructed that "[t]he exceptions to § 1821(j)'s jurisdictional bar are extremely limited."  RPM Investments, Inc. v. Resolution Trust Corp., 75 F.3d 618, 620 n.2 (11th Cir. 1996).  See also Bank of America Nat. Ass'n v. Colonial Bank, 604 F.3d 1239, 1243 (11th Cir. 2010) ("This provision has been interpreted broadly to bar judicial intervention whenever the FDIC is acting in its capacity

7

as a receiver or conservator, even if it violates its own procedures or behaves unlawfully in doing so").

Previously, this Court found that declaratory judgment on Plaintiff's claims would "restrain or affect" the FDIC in the exercise of its function to collect money due the failed bank. [50 at 11-12]. Plaintiff now argues that its proposed amendments will not "restrain or affect the FDIC" under § 1821(j), but Plaintiff concedes that even in its amended claims, the FDIC has an interest (albeit contingent and speculative)[2] in the Policy as a tort claimant. Compare 52-1 at 2, with 52-1 at 9]. It is enough that even as amended, Plaintiff's claims affect the FDIC in its exercise of power and trigger the jurisdictional bar of §1821(j). Cf. Ranger Ins. Co. v. United Housing of New Mexico, Inc., 488 F.2d 682, 683 -684 (5th Cir. 1974) (in Rule 19 analysis, finding that while a declaratory judgment involving insurance coverage would not be binding in subsequent action, the underlying "claimants' interests would be prejudiced [if

---

[2] But see Radian Ins. Inc. v. Deutsche Bank Nat'l Trust Co., No. 08-2993, 2009 WL 3163557, at *14 (E.D. Pa. Oct. 1, 2009) (in declaratory judgment action brought by an insurer against the FDIC as receiver involving § 1821(j), the court found that "the impact of the declaratory judgment on the FDIC is not diminished merely because the FDIC has not yet indicated its intent to pursue any claims against [the insurer] . . . . The fact that the FDIC might exercise its powers to assert claims against [the insurer] in the future is sufficient to invoke the § 1821(j) bar").

8

they were not joined]. For example, they would have to contend with the *stare decisis* effect of such a judgment, or they might be forced to litigate its effect on the direct action clause", and further create inefficient, repetitive litigation).

The Wheatland II result does not persuade a different result for this case. In Wheatland II, the Northern District of Illinois found that the plaintiff's proposed amended claims "do not 'restrain or affect' the FDIC's interests in the D & O Policy, and therefore they are not barred by § 1821(j)." F.D.I.C. v. OneBeacon Midwest Ins. Co., 2013 WL 951107, * 3 (N.D.Ill., Mar. 12, 2013). But in arriving at this decision, the court noted that "the parties all agree that the FDIC would *not* be bound because it is not a party to OneBeacon's amended claim" and further, that "the FDIC essentially concedes that § 1821(j) does not bar OneBeacon's amended complaint." Id. It appears, therefore, that the court was persuaded to amend its prior order because the proposed amendment was essentially uncontested. These facts are not before this Court. Both D&O Defendants and the FDIC actively contest Plaintiff's position that the proposed amendments will cure jurisdictional defects imposed by § 1821(j). Given the

breadth of FIRREA[3] and the Eleventh Circuit's instruction, this Court is not persuaded to reconsider its Order on the authority of one unopposed motion in the Northern District of Illinois.

As previously explained by this Court, application of § 1821(j)'s jurisdictional bar does not leave Plaintiff without a remedy. Plaintiff's claims can be pursued through FIRREA's administrative process. See 12 U.S.C. § 1821(d); see also Bank of Am. Nat'l Ass'n, 604 F.3d at 1246 (noting that "all manner of claims are appropriate for resolution through the administrative claims process"). If Plaintiff's claims are not adequately addressed through the administrative process, it is entitled to *de novo* review in federal district court. See 12 U.S.C. §§ 1821(d)(6), (d)(7)(A). Although Plaintiff argues that "it would be a pointless bureaucratic exercise" to submit an administrative claim to the FDIC, it appears that Plaintiff has since submitted a proof of claim to the FDIC. [60]

---

[3] See Radian Ins. Inc. v. Deutsche Bank Nat'l Trust Co., No. 08-2993, 2009 WL 3163557, at *6 and 14 (E.D. Pa. Oct. 1, 2009) (showing the breadth of FIRREA's reach, first, by listing decisions by "other courts [that] barred claims for equitable relief directed at non-FDIC third parties....where the relief would still affect or restrain the FDIC" and second, by finding an additional ground for invoking the § 1821(j) bar "[i]nasmuch as the declaration of rights sought here presents a distraction that may interfere with the FDIC's ability to exercise its powers").

### III.   Plaintiff's Request for Clarification

Finally, Plaintiff has requested clarification that the prior dismissal was without prejudice.  Plaintiff argues, and the D&O Defendants concede, that dismissal was without prejudice because it was based on lack of subject matter jurisdiction and not an adjudication of the merits.  <u>Boda v. U.S.</u>, 698 F.2d 1174, 1177 (11th Cir. 1983) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds. This dismissal is without prejudice").  As there appears to be no dispute on this issue, the Court clarifies that the prior Order was a dismissal without prejudice.

### Conclusion

Based on the foregoing, Plaintiff's Motion for Limited Reconsideration, Leave to Amend, and for Clarification [52] is **DENIED**.  Plaintiff's Unopposed Motion for Leave to File a Reply [58] is **GRANTED**.  The Clerk shall close the case.

11

**SO ORDERED**, this  5th  day of March, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE